## S96Y1861. IN THE MATTER OF FLOYD MINCEY.
(477 SE2d 116)

PER CURIAM.

Floyd Mincey was suspended from the practice of law pending the final disposition of these disciplinary proceedings. *In the Matter of Floyd Mincey,* 263 Ga. 701 (438 SE2d 68) (1993).

On February 29, 1992, Mincey was arrested and charged with felony possession of cocaine, possession of cocaine with intent to distribute and trafficking in cocaine in violation of OCGA §§ 16-13-30 (a), (b) and 16-13-31 (a) (1), respectively. Mincey took possession of in excess of 35 grams of cocaine as a fee for legal services. On October 19, 1992, Mincey was again arrested for violation of the Georgia Controlled Substances Act. This arrest occurred during a criminal attempt to purchase prescription drugs from a client.

From August 1990 through January 1992, Mincey maintained or caused to be maintained several attorney trust or escrow accounts at various banks. On January 2, 1992, Mincey signed and issued a check on one of these accounts which was returned for insufficient funds. On several occasions between November 22, 1991 and December 5, 1991, Mincey signed and issued checks payable to cash from one of his escrow accounts.

The State Bar filed a formal complaint against Mincey alleging his conduct as described above constituted a violation of Standards 3, 45 (e), 65 (A) and 65 (D) of Bar Rule 4-102 (d). Standard 3 provides in part that: "A lawyer shall not engage in illegal professional conduct involving moral turpitude." Standard 45 (e) provides in part that: "In his representation of a client, a lawyer shall not knowingly engage in other illegal conduct or conduct contrary to a disciplinary rule." Stan-

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

dard 65 (A) provides in part that: "A lawyer shall not commingle his client's funds with his own." Standard 65 (D) provides in part that: ". . . Records on such trust accounts shall be so kept and maintained as to reflect at all times the exact balance held for each client or other fiduciary. No funds shall be withdrawn from such trust account for the personal use of the [attorney] maintaining the account except earned attorney's fees debited against the account of a specific client and recorded as such." Mincey filed an answer denying the material allegations and by amended answer raised the issue of insufficiency of process. The State Bar filed a motion for summary judgment which was granted by the special master appointed to this case. The special master found that each and every Standard of Conduct violation warranted the discipline of disbarment. The special master further found that Mincey charged an improper fee and knowingly engaged in conduct which violated a duty owed to the profession to obtain a benefit for himself and caused potentially serious injury to the public and the legal system; and failed to preserve client property by knowingly converting that property to his personal use, causing potential injury to his clients. ABA Standards 7.11 and 4.11.

The special master found the following aggravating factors: Mincey has substantial experience in the practice of law; his actions were motivated by personal greed and selfishness; he committed multiple offenses while engaged in a pattern of repeated misconduct; and he has failed to acknowledge the wrongful nature of his conduct. See ABA Standard 9.22, subsections (b), (c), (d), (g) and (i). The special master recommended disbarment.

The review panel unanimously accepted and approved the findings of fact, conclusions of law and recommendation of the special master. The review panel concluded that Mincey violated Standards 3, 45 (e), 65 (A) and 65 (D) of Bar Rule 4-102 (d) and recommended he be disbarred. The review panel also considered the fact that Mincey has enrolled in a drug treatment program, but found that this factor does not provide sufficient mitigation to warrant disciplinary action less drastic than disbarment.

We have reviewed the record and accept and adopt the recommendation of the review panel. It is hereby ordered that Floyd Mincey is disbarred from the practice of law and that his name be removed from the roll of those individuals licensed to practice law in this state. He is reminded of his duties under Bar Rule 4-219 (c) and is directed to certify to this Court that he has satisfied the requirements of that Rule.

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 4, 1996.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Richard T. Taylor,* for Mincey.